UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1742 CEJ |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM

This matter is before the Court on the petition of Michael Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the petition is successive, it will be summarily dismissed.

In 1991, a jury found petitioner guilty of murder and armed criminal action. *See e.g., State v. Williams*, 853 S.W.2d 371 (Mo. App. 1993). In 1994, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Williams v. Delo*, Case No. 4:94CV1054 ELF (E.D. Mo.). This Court denied petitioner § 2254 relief. *Id.* The denial of petitioner's § 2254 petition was affirmed by the Eighth Circuit Court of Appeals. *Williams v. Bowersox,* No. 96-2050 (8th Cir. March 4, 1997). On May 16, 2007, petitioner filed a second, or successive, petition for writ of habeas corpus under § 2254. *Williams v. Smith*, Case No. 4:07CV987 CEJ (E.D. Mo.). This Court transferred petitioner's application for writ of habeas corpus to the Eighth Circuit Court of Appeals so that petitioner could seek permission to file a successive habeas petition. The Court of Appeals denied petitioner's petition for authorization to file a successive habeas application on April 3, 2008. *Williams v. Smith,* No. 07-3893 (8th Cir. April 3, 2008). Petitioner again filed a successive

petition in this Court on June 9, 2008, which was denied and dismissed on June 18, 2008. *See Williams v. Larkins*, Case No. 4:08CV831 CEJ (E.D.Mo.).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. In the instant action, petitioner again asserts that his convictions are unconstitutional. However, there is no evidence that he has obtained authoriztion from the Eighth Circuit Court of Appeals to bring this action. To the extent that petitioner seeks to relitigate claims that he raised in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). With respect to any new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A).

An Order of Dismissal will accompany this Memorandum.

Dated this 30th day of November, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE